IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL MOMENT, #1602335, | * |
| Plaintiff, | * |
| v. | * Civil Action No. PWG-16-3976 |
| SAMAN DANAI, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Pending are Plaintiff Michael Moment's Complaint, ECF No. 1, and Motion to Proceed In Forma Pauperis, ECF No. 2. I will grant the latter for the purpose of preliminary screening but will deny the Complaint.

### Discussion

Moment claims Saman Danai, who is an Assistant State's Attorney in Prince George's County, prosecuted him for a "fictitious" probation violation in violation of his right to due process and equal protection of the law. ECF No. 1. As relief, Moment requests a hearing and damages of $5 million.

The Maryland State Judiciary electronic docket shows that on August 8, 2011, Moment was found guilty of intimidating or corrupting an officer of the court and threatening a state official, Docket No. 126, *State v. Moment*, Criminal Case No. 117643C (Cir. Ct. Montgomery Cty. Aug. 8, 2011), and was later sentenced to a term of incarceration followed by supervised probation, *id.* Docket No. 145. On August 2, 2016, the Honorable Dwight D. Jackson found

Moment in violation of the terms of his probation. *Id.* Docket No. 278. The sentencing hearing is presently scheduled to take place on February 13, 2017. *Id.* Docket No. 303.[1]

As Moment is proceeding as an indigent, the Court is required to screen his complaints and dismiss claims which are frivolous, malicious, or fail to state a claim on which relief may be granted, or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2); 1915A(b); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting claims which fail to state a claim may be dismissed sua sponte). This case will be dismissed under this standard.

The Complaint is deficient for several reasons. First, Moment provides no facts or other explanation in support of his conclusory assertion that Danai prosecuted him on a "fictitious" charge. Second, Denai, a prosecutor, is entitled to immunity for the performance of prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutors receive absolute immunity because they must be able to perform certain official duties without the constant fear of lawsuits. *Id.* at 420–21 (citing *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967)). Generally, prosecutorial functions are those that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Thus, when a prosecutor is working "within the scope of his duties in initiating and pursuing a criminal prosecution," he or she remains within the ambit of absolute immunity. *Id.* at 410. Immunity is conferred on prosecutors from charges of malicious prosecution, because it is essential to the legal process that they be able to exercise their functions with independence and without fear of consequences. *Id.* at 421; *see also Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) ("[I]n light of common-law immunity principles, § 1983

---

[1] Moment also filed a Complaint against Renee Mortel, an assistant states' attorney who prosecuted him in the 2011 case. *See Moment v. Mortel*, Civil Action No. PWG-16-3966. (D. Md.).

d[oes] not impose liability" on "judges, prosecutors, and other persons acting under 'color of law' who perform official functions in the judicial process.").

Although Moment captions the Complaint as a proceeding under 42 U.S.C. § 1983, it is essentially an attempt to appeal a state conviction in federal court, from which this Court must abstain. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). The Rooker–Feldman doctrine is a jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, the doctrine precludes claims that seek redress for an injury caused by a state-court decision, because such a claim essentially asks "the federal district court to conduct an appellate review of the state-court decision." *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.* 434 F.3d 712, 719 (4th Cir. 2006)). Moment may not appeal his 2011 state criminal conviction or 2016 violation of probation in this Court.

The in forma pauperis statute at 28 U.S.C. § 1915(g) provides that a prisoner[2] may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless

---

[2] At the time he filed the Complaint, Moment was housed at the Montgomery County Detention Center at 1307 Seven Locks Road in Rockville, Maryland. ECF No. 1. Moment has since provided the Court with a different address in Laurel, Maryland. ECF No. 4. It is unclear whether his new address is for mailing purposes only or if he remains at the Montgomery County Detention Center. When a defendant is released on his own recognizance prior to sentencing, he still is "in custody' because he [is] subject to restraints not shared by the public generally." *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) (internal quotation marks and alterations omitted)).

the prisoner is in imminent danger of serious physical injury. As Moment was incarcerated at the time he initiated this Complaint and for the reasons stated above, the Complaint fails to state a claim upon which relief may be granted. I assigned Moment a first "strike" pursuant to 28 U.S.C. § 1915(g) in *Moment v. Mortel*, Civil Action No. PWG-16-3966. (D. Md.), and will assign him a second "strike" in this case.

## CONCLUSION

For these reasons, I will dismiss this case with prejudice for failure to state a claim upon which relief may be granted and assign Moment a second "strike" by separate order to follow.

February 15, 2017
Date

Paul W. Grimm
United States District Judge.